No. 19-36020

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

JOHN DOE #1, *et al.*,

*Plaintiffs-Appellees*,

v.

DONALD TRUMP, *et al.*,

*Defendants-Appellants*.

On Appeal from the United States District Court
for the District of Oregon
No. 3:19-cv-01743-SI
Hon. Michael H. Simon

PLAINTIFFS-APPELLEES' SUGGESTION OF MOOTNESS
AND MOTION TO VACATE PANEL OPINION

Stephen W. Manning
Tess Hellgren
INNOVATION LAW LAB
333 SW Fifth Avenue #200
Portland, OR 97204
(503) 241-0035

Jesse Bless
AMERICAN IMMIGRATION
LAWYERS ASSOCIATION
1331 G Street NW
Washington, DC 20005
(781) 704-3897

Kevin M. Fee
Scott D. Stein
Tacy F. Flint
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
(312) 853-7919

Naomi A. Igra
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
(415) 772-1200

*(Additional Counsel Listed on Inside Cover)*

Karen C. Tumlin  
Esther H. Sung  
JUSTICE ACTION CENTER  
P.O. Box 27280  
Los Angeles, CA 90027  
(323) 316-0944  

John L. Gibbons  
SIDLEY AUSTIN LLP  
1501 K Street NW  
Washington, DC 2005  
(202) 736-8248

# GROUNDS FOR MOTION AND RELIEF SOUGHT

This case warrants dismissal because it has been rendered moot by Presidential Proclamation 10209, which "revoked" the prior Presidential Proclamation 9945 on which this litigation was based. 86 Fed. Reg. 27,015, 27,015 (May 14, 2021). Furthermore, the Court should vacate the merits panel's opinion in this case, *Doe #1 v. Trump*, 984 F.3d 848 (9th Cir. 2020) ("panel opinion"), because Plaintiffs' petition for rehearing *en banc* was pending when the case became moot.

Plaintiffs have consulted with Defendants' counsel regarding the proposed relief requested in this motion, who indicated they intend to oppose the relief requested.

# BACKGROUND

Presidential Proclamation No. 9945 (the "Proclamation"), issued October 4, 2019 and effective November 3, 2019, barred immigrants who could not prove they would be covered by "approved health insurance" within 30 days of entering the United States, or would have the "financial resources to pay for reasonably foreseeable medical costs." SER 281-82. Its stated purpose was to protect the country's "healthcare system" and "taxpayers" from the burden of "uncompensated care costs," and to alleviate the strain of those costs on "Federal and State government budgets." SER 281.

1

Plaintiffs, on behalf of themselves and all others similarly situated, filed this lawsuit on October 30, 2019, alleging that the Proclamation is *ultra vires* and exceeds the President's power, in violation of separation-of-powers principles, the Due Process Clause, the Equal Protection Clause, and the Administrative Procedure Act. ER 363-69. The district court issued an order preliminarily "enjoining Defendants from taking any action to implement or enforce" the Proclamation. ER 48.

Defendants filed a notice of appeal to this Court on December 4, 2019, as well as an "Emergency Motion for an Administrative Stay" and an "Urgent Motion for a Stay Pending Appeal" arguing that the district court had incorrectly assessed the merits of Plaintiff's claims. Dkt. 2. The motions panel denied Defendants' stay requests. *Doe #1 v. Trump*, 944 F.3d 1222 (9th Cir. 2019); *Doe #1 v. Trump*, 957 F.3d 1050, 1056 (9th Cir. 2020).

After oral argument, the merits panel issued its panel opinion on December 31, 2020, reversing the district court's preliminary injunction. 984 F.3d at 854-55. Judge Tashima dissented. *Id.* at 870-76. On January 19, 2021, Plaintiffs filed a petition for rehearing en banc arguing that the panel opinion conflicts with prior published precedent from the Circuit, that there is clear disagreement among the judges of this Court on the issues the panel opinion addresses, and that the case involves questions of exceptional and national importance. Dkt. 80. The Court

2

ordered Defendants to respond, Dkt. 81, and granted two time extensions for that response, Dkt. 91, 95. The Court has not yet issued its mandate.

On May 14, 2021, President Biden issued Proclamation 10209, finding that "[t]he suspension of entry imposed in Proclamation 9945 of October 4, 2019 . . . does not advance the interests of the United States." 86 Fed. Reg. at 27,015. On that basis, "Proclamation 9945 is revoked." *Id.*

## ARGUMENT

I.  **PRESIDENT BIDEN'S WITHDRAWAL OF THE PROCLAMATION MOOTS THIS CASE.**

Under Article III of the U.S. Constitution, the "judicial Power" extends only to "Cases" and "Controversies." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Id.* at 91. A case may "become[] moot at any point during the proceedings" and thus be "outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1537 (2018); *see also Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("an actual controversy must be extant at all stages of review").

When a president revokes a prior presidential proclamation or order, cases challenging the revoked action become moot. *See, e.g., League of Conservation Voters v. Biden*, 843 F. App'x 937, 938 (9th Cir. 2021) ("The parties argue

3

President Biden's revocation of President Trump's Executive Order rendered these appeals moot. We agree."); *Kavoosian v. Blinken*, No. 20-55325, 2021 WL 1226734, at *1 (9th Cir. Feb. 9, 2021) ("Plaintiffs-Appellants' operative complaint seeks declaratory and injunctive relief regarding the enforcement of Presidential Proclamation 9645 ('PP 9645') . . . . PP 9645 has since been revoked. Accordingly, Plaintiffs-Appellants' appeal presents no active controversy as to which this court could grant relief." (citations omitted)); *see also Ramsek v. Beshear*, 989 F.3d 494, 496 (6th Cir. 2021) ("On related grounds, the district court preliminarily enjoined enforcement of the Order. But before that decision could be fully litigated before us, Governor Beshear withdrew the Order. That action renders this appeal moot, as we are without a live controversy to resolve.").

There is no basis to conclude that this case remains a live controversy; Plaintiffs sought "*only* injunctive or declaratory relief," not damages. *Indep. Living Ctr. of S. Cal., Inc. v. Maxwell-Jolly*, 590 F.3d 725, 728 (9th Cir. 2009). Furthermore, "there is no reasonable expectation" that the Proclamation "will recur," and "interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Fikre v. FBI*, 904 F.3d 1033, 1037 (9th Cir. 2018) (quoting *Cnty. of L.A. v. Davis*, 440 U.S. 625, 631 (1979)); *compare Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 68-69 (2020) (per curiam) (refusing to find a case moot "because the applicants remain under a constant threat" that

4

restrictive executive actions would be reinstated, which occurred "regularly" and "without prior notice").

Because this case is now moot, the Court should dismiss.

## II. THE COURT SHOULD VACATE ITS PANEL OPINION.

When a case becomes moot while a petition for rehearing en banc is pending and the Court's mandate has not issued, "the appropriate disposition is to vacate the panel's opinion and dismiss the appeal." *Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.*, 966 F.2d 457, 459 (9th Cir. 1992); *see also Att'y Gen. of Guam v. Thompson*, 441 F.3d 1029, 1030 (9th Cir. 2006); *Sw. Ctr. for Biological Diversity v. USFS*, 355 F.3d 1203, 1204 (9th Cir. 2004) (mem.). That is true in this case, because Plaintiffs "did not have the opportunity to exhaust the entire appellate process, including the possible pursuance of a petition for writ of certiorari in the Supreme Court." *Farmer v. McDaniel*, 692 F.3d 1052, 1052 (9th Cir. 2012) (mem.).

An exception to this usual practice arises when the non-prevailing party was responsible for mooting the appeal; in such circumstances, the Court may exercise its discretion not to disturb the prior opinion. *See, e.g.*, *Anderson v. Green*, 513 U.S. 557, 560 (1995); *Navajo Nation v. U.S. Dep't of Interior*, 907 F.3d 1228, 1228-29 (9th Cir. 2018) (mem.); *United States v. Payton*, 593 F.3d 881, 885-86 (9th Cir. 2010). That exception is inapplicable here: Plaintiffs did not prevail

5

before the panel, which ordered that "[t]he order of the district court" in their favor be "reversed, and the preliminary injunction . . . vacated." *Doe #1*, 984 F.3d at 870. And Plaintiffs in no way contributed to this case's becoming moot; that was accomplished unilaterally when President Biden revoked the prior Proclamation "that formed the basis of this controversy." *League of Conservation Voters*, 843 F. App'x at 938.

Plaintiffs sought to exercise their full rights on appeal by filing a petition for *en banc* rehearing of the adverse opinion entered by the panel. But because Plaintiffs' petition was still pending when this case became moot, they "did not have the opportunity to exhaust the entire appellate process." *Farmer*, 692 F.3d at 1052. And since Plaintiffs did not cause the mootness, vacatur of the panel opinion is "the appropriate disposition." *Indep. Union*, 966 F.2d at 459.[1]

---

[1] Although vacatur of a lower court opinion is sometimes permitted when a case becomes moot on appeal, *see generally United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950), it is not warranted here because Defendants (the non-prevailing parties below) are responsible for mooting the appeal. In such circumstances, appeals courts leave the lower court decision in place because "the appellant has by his own act caused the dismissal of the appeal and is in no position to complain that his right of review of an adverse lower court judgment has been lost." *Ringsby Truck Lines, Inc. v. W. Conf. of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1982); *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 24 (1994) ("The principal condition to which we have looked is whether the party seeking relief from the judgment below caused the mootness by voluntary action.").

6

## CONCLUSION

For the foregoing reasons, the panel opinion should be vacated, and the appeal should be dismissed as moot.

Dated: June 10, 2021

    SIDLEY AUSTIN LLP

    */s/ Tacy F. Flint*
    Tacy F. Flint

    *Attorneys for Plaintiffs-Appellees*

7

## CERTIFICATE OF SERVICE

I hereby certify that on June 10, 2021, I caused the foregoing Plaintiffs-Appellees' Suggestion of Mootness and Motion to Vacate Panel Opinion to be submitted electronically via the Court's Appellate Electronic Filing System, which will automatically notify the other parties and counsel registered for electronic service.

                                                          */s/ Tacy F. Flint*
                                                          Tacy F. Flint

# DECLARATION OF TACY F. FLINT
# IN SUPPORT OF PLAINTIFFS-APPELLEES' SUGGESTION OF MOOTNESS AND MOTION TO VACATE PANEL OPINION

I, Tacy F. Flint, declare:

1. I am an attorney at law duly licensed to practice before this Court. I am a partner with the law firm Sidley Austin LLP, attorneys of record for Plaintiffs-Appellees John Doe #1, Juan Ramon Morales, Jane Doe #2, Iris Angelina Castro, Blake Doe, Brenda Villaruel, Jane Doe #3, and Latino Network.

2. This Declaration is submitted in support of Plaintiffs-Appellees' Suggestion of Mootness and Motion to Vacate Panel Opinion.

3. Plaintiffs-Appellees' counsel spoke with Defendants-Appellants' counsel regarding the relief requested in this Suggestion of Mootness and Motion to Vacate Panel Opinion. Defendants-Appellants' counsel indicated that they would oppose the relief requested.

I declare under penalty of perjury under the laws of the State of Illinois that the foregoing is true and correct. Executed on this 10th day of June, 2021, at Chicago, Illinois.

*/s/ Tacy F. Flint*
Tacy F. Flint